IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**

SEP 2 3 2002

| | |
|---|---|
| JUDICIAL WATCH, INC.<br>501 School Street, S.W., Suite 725<br>Washington, DC 20024,<br><br>                Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT<br>OF STATE<br>2201 C Street, N.W.<br>Washington, DC 20522-6001,<br><br>                Defendants. | Civil Action No.<br>CASE NUMBER 1:02CV01863<br>JUDGE: Paul L. Friedman<br>DECK TYPE: FOIA/Privacy Act<br>DATE STAMP: 09/23/2002 |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff, Judicial Watch, Inc., hereby files this complaint to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). As grounds therefor, Judicial Watch, Inc. alleges as follows:

### JURISDICTION AND VENUE

1. The court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

2. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e).

### PARTIES

3. Judicial Watch, Inc. is a non-profit educational foundation organized under the laws of the District of Columbia and having its principal place of business at 501 School Street, S.W., Suite 725, Washington, DC 20024.

4.      Defendant U.S. Department of State ("State Department") is an agency of the United States Government. The State Department has its principal place of business in the District of Columbia. The State Department is in possession, custody and control over records to which Judicial Watch seeks access.

## STATEMENT OF FACTS

5.      On June 19, 2002, Judicial Watch, Inc. sent the State Department, by facsimile and by certified U.S. mail, return receipt requested, a FOIA request seeking access to any and all records concerning or relating to the following subjects:

   a.      The decision to retain outside counsel to represent the U.S. Department of State in *Shenwick v. U.S. Department of State*, NY-0752-01-9907-I-1 & NY-1221-00-0403-B-1 (Merit Systems Protection Board).

   b.      The retention of Gregory Craig and the law firm of Williams and Connolly LLP to represent the U.S Department of State in State in *Shenwick v. U.S. Department of State*, NY-0752-01-9907-I-1 & NY-1221-00-0403-B-1 (Merit Systems Protection Board).

   c.      The terms and conditions of legal representation, billing rates and/or fees charged by Gregory Craig and the law firm of Williams and Connolly LLP for representing the US Department of State in *Shenwick v. U.S. Department of State*, NY-0752-01-9907-I-1 & NY-1221-00-0403-B-1 (Merit Systems Protection Board).

Judicial Watch, Inc.'s June 19, 2002 FOIA request also sought a waiver of both search and duplication fees pursuant to 5 U.S.C. § 552(a)(4)(A)(ii)(II), 5 U.S.C. § 552(a)(4)(A)(iii), and 28 C.F.R. § 16.11(k)(2)(i)-(iv). A copy of Judicial Watch, Inc.'s FOIA request is attached hereto as Exhibit 1 and is incorporated herein by reference.

6.      In a letter dated June 25, 2002, the State Department acknowledged receipt of Judicial Watch, Inc.'s FOIA request and granted Judicial Watch, Inc's request for a fee waiver. A copy of

the State Department's June 25, 2002 letter is attached hereto as Exhibit 2 and is incorporated herein by reference.

7. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), the State Department was required to determine whether to comply with Judicial Watch, Inc.'s FOIA request by July 18, 2002. The State Department also was required to immediately notify Judicial Watch, Inc. of its determination, provide Judicial Watch, Inc. with the reasons for its determination, and inform Judicial Watch, Inc. of its right to administratively appeal to any adverse determination. 5 U.S.C. § 552(a)(6)(A)(i).

8. As of September 20, 2002, the State Department failed to respond to Judicial Watch, Inc.'s FOIA request in any substantive manner. It failed to produce records responsive to Judicial Watch, Inc.'s FOIA request or claim that such record are exempt from production under 5 U.S.C. § 552(b). It failed to notify Judicial Watch, Inc. of any determination whether to comply with Judicial Watch, Inc.'s request and the reasons for any such determination. It failed to inform Judicial Watch, Inc. of its right to take an administrative appeal from any adverse determination.

9. In addition, as of September 20, 2002, the State Department failed to invoke the provisions set forth in 5 U.S.C. § 552(a)(6)(B) for extending the time limits to respond to Judicial Watch, Inc.'s FOIA request.

10. Because the State Department failed to comply with the time limits set forth in 5 U.S.C. § 552(a)(6)(A) or extend those time limit provisions pursuant to 5 U.S.C. § 552(a)(6)(B), Judicial Watch, Inc. is deemed to have exhausted any and all administrative remedies with respect to its June 19, 2002 FOIA request. 5 U.S.C. § 552(a)(6)(C).

## COUNT 1
(Violation of FOIA)

11. Plaintiff realleges paragraphs 1 through 10 as if fully stated herein.

WHEREFORE, Plaintiff respectfully requests that the Court: (1) declare Defendant's failure to comply with FOIA to be unlawful; (2) enjoin Defendant from continuing to withhold records responsive to Plaintiffs' June 19, 2002 FOIA request and order Defendant to produce all responsive records improperly withheld from Plaintiff without further delay; (4) award Plaintiff attorneys fees and other litigation costs reasonably incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and (5) grant such other relief as the Court deems just and proper.

Respectfully submitted,

JUDICIAL WATCH, INC.

Larry Klayman, Esq.
D.C. Bar No. 334581
Paul J. Orfanedes, Esq.
D.C. Bar No. 429716
Suite 725
501 School Street, S.W.
Washington, DC 20024
(202) 646-5172

Attorneys for Plaintiff